

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARIA AMPARO AZTIAZARAIN,<br>Debtor. | BAP Nos. EC- 25-1177-GLS<br>EC-25-1178-GLS<br>EC-25-1179-GLS<br>(consolidated appeals) |
| MARIA AMPARO AZTIAZARAIN,<br>Appellant,<br><br>v.<br>DAVID CUSICK, Chapter 13 Trustee,<br>Appellee. | Bk. No. 25-22880<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher M. Klein, Bankruptcy Judge, Presiding

Before: GAN, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Maria Amparo Aztiazarain ("Debtor") appeals

the bankruptcy court's orders: (1) denying her motion for an extension of

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Local Rule" references are to the Local Rules of Practice for the United States Bankruptcy Court for the Eastern District of California.

time to file schedules; (2) denying her motion to extend the automatic stay under § 362(c)(3); and (3) granting Chapter 13 trustee David Cusick's ("Trustee") motion to dismiss the case.

Debtor does not demonstrate an abuse of discretion by the court in dismissing the case. And because the appeals from the orders denying an extension to file schedules and denying an extension of the automatic stay are rendered moot by our affirmance of the dismissal, we AFFIRM the dismissal order and DISMISS as MOOT the remainder of the consolidated appeals.

## FACTS[2]

### A. Debtor's prior chapter 13 case

In March 2025, Debtor filed a chapter 13 petition (the "March 2025 Case"). She did not pay a $34 filing fee for amending the Master Address List of creditors, and she did not respond to the notice from the clerk's office that failure to pay the fee would result in issuance of an order to show cause.

Debtor did not respond to the order to show cause or appear at the hearing, and she did not pay the required fee. After the trustee confirmed that Debtor had not made plan payments, the bankruptcy court sustained the order to show cause and dismissed the case. Debtor appealed, and we

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's bankruptcy cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

affirmed. *In re Aztiazarain*, BAP No. EC-25-1107-BLS, 2026 WL 801551 (9th Cir. BAP Mar. 23, 2026).

## B. The present chapter 13 case

On June 10, 2025, the same day she appealed the dismissal of the March 2025 Case, Debtor filed the present chapter 13 petition. She did not file schedules, statements, or a chapter 13 plan.

### 1. Debtor's motion to extend time to file schedules and her motions to extend the automatic stay

On June 23, 2025, Debtor filed a motion to extend the time to file her schedules and statements. According to Debtor, she had difficulty filing her schedules and statements electronically and she intended to file them in person by the June 24, 2025 deadline but requested an extension out of an abundance of caution.

Debtor filed her statements and schedules and her chapter 13 plan on June 24, 2025. That same day, the court entered an order denying Debtor's request for an extension, reasoning that Debtor's history of bankruptcy filings, including the March 2025 Case and two previous cases, "invites the inference that she knows what she is doing and is capable of meeting deadlines."

A week later, Debtor filed an emergency motion to extend the automatic stay pursuant to § 362(c)(3)(B).[3] Because the March 2025 Case

---

[3] Section 362(c)(3) provides, with exceptions not relevant here:
(3) if a single or joint case is filed by or against a debtor who is an

individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

(i) as to all creditors, if—

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed . . . .

4

had been dismissed within a year prior to filing her current case, Debtor noted the automatic stay would expire thirty days after the petition date. Debtor asserted that she satisfied the good faith standard because she sought to cure a mortgage arrearage, and her prior dismissal was caused by "administrative complications" rather than any lack of good faith.

The bankruptcy court denied the motion to extend the stay. The court held that Debtor must demonstrate the present case was filed "in good faith as to the creditors to be stayed," but she did not proffer any evidence of good faith. The bankruptcy court further reasoned that the circumstances of the March 2025 Case dismissal gave rise to a presumption that the present case was not filed in good faith, and although the "presumption may be rebutted by clear and convincing evidence to the contrary," pursuant to § 362(c)(3)(C)(i)(III), Debtor did not provide any evidence to rebut the presumption. The automatic stay terminated on July 10, 2025.

A week later, Debtor filed an emergency motion to stay foreclosure and extend the automatic stay. The court denied the motion. It explained that § 362(c)(3) permits the court to extend the stay after notice and a hearing "completed before the expiration of the 30-day period." Because Debtor filed the motion more than thirty days after the petition date, it was not possible to comply with the statute.

### 2. Trustee's motion to dismiss

Trustee filed a motion to dismiss the case for cause under § 1307(c) because Debtor had not made any plan payments, failed to appear at the meeting of creditors, had not served her chapter 13 plan on creditors, and failed to file required documents. Trustee also maintained that Debtor's plan calculations contained mathematical errors, and she failed to provide estimated payments or a percentage dividend to pay unsecured claims. Trustee supported the motion with a declaration

Prior to the hearing, Debtor filed a notice of payment of claim, indicating that she had paid $30,000 to her mortgage lender in full satisfaction of the arrears. She subsequently filed an amended notice stating that the lender accepted the payment, rescinded the notice of default, and reinstated her mortgage.

The day before the hearing on Trustee's motion to dismiss, Debtor filed a motion to voluntarily dismiss the case under § 1307(b). In her attached declaration, Debtor stated that because her lender reinstated the mortgage and rescinded the foreclosure, she requested that "the Court enter an order dismissing this case without hearing, pursuant to Local Bankruptcy Rule 9014-1(f)(2)."

Debtor did not appear at the hearing on Trustee's motion to dismiss. At the hearing, the court found cause to dismiss under § 1307(c)(1) for unreasonable delay that was prejudicial to creditors because Debtor: (1) failed to attend the § 341 meeting of creditors; (2) was delinquent in

plan payments by $357.47; (3) did not provide necessary tax returns; (4) did not provide necessary pay advices; and (5) did not provide business documents which were necessary to determine if the plan was feasible, viable, or complied with § 1325.

The court held that dismissal, rather than conversion, was in the best interest of creditors. It entered an order dismissing the case, and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). Subject to our discussion of mootness below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the court abuse its discretion by granting Trustee's motion to dismiss?

Is the remainder of Debtor's appeal moot?

## STANDARDS OF REVIEW

We review the bankruptcy court's dismissal of a chapter 13 case under any of the enumerated paragraphs of § 1307(c) for an abuse of discretion. *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

7

We review mootness de novo. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

**A.   The bankruptcy court did not abuse its discretion by dismissing Debtor's case.**

Debtor argues that the bankruptcy court erred by dismissing the case before considering her motion for sanctions for a willful violation of the stay.[4]

Nothing in § 1307(c) requires the court to delay dismissal merely because other motions may be pending. It was not incumbent on the court to review the docket and set for hearing any filed motions, including Debtor's motion for sanctions.

Additionally, the clerk's office notified Debtor that her motion would not be calendared unless she filed a notice of hearing with the date and time of the hearing, as required by Local Rule 9014-1. Debtor did not obtain a hearing date for her motion, and she did not file a notice of hearing. Thus,

---

[4] On July 9, 2025, Debtor filed a motion for contempt and for sanctions against her mortgage lender and servicer for an alleged willful violation of the automatic stay. She claimed they violated the stay by rescheduling the notice of foreclosure and by maintaining an "active" status on foreclosure marketing materials. But Debtor did not set the motion for hearing, and the court did not rule on it.

the court did not consider the motion because Debtor failed to set it for hearing and provide notice to interested parties.

Debtor also contends that the court erred by relying on Trustee's factual assertions, which she claims are false. But she did not file any evidence to dispute Trustee's bases for cause to dismiss, and she did not appear at the hearing. The bankruptcy court did not err by finding facts that established cause under § 1307(c), and Debtor does not demonstrate an abuse of discretion.

At oral argument,[5] Debtor suggested the court erred by dismissing the case pursuant to Trustee's motion and instead should have dismissed it under § 1307(b). We agree that Debtor had an absolute right to dismiss her case under § 1307(b), which provides in relevant part: "On request of the debtor at any time . . . the court shall dismiss a case under this chapter." But voluntary dismissal requires a chapter 13 debtor to file and serve a motion pursuant to Rules 9013 and 1017(f)(2).

As we have previously held, the purpose of filing and serving a motion is two-fold. *Duran v. Gudino (In re Duran)*, 630 B.R. 797, 811 (9th Cir. BAP 2021). It allows the court to screen for eligibility, given that dismissal as of right is not permitted if the case previously was converted under §§ 706, 1112, or 1208, and it "provides a platform for considering the § 349(a) question of the effect of a dismissal." *Id.* Debtor filed her motion

---

[5] The morning of oral argument, Debtor filed a supplemental brief. We do not consider the unauthorized supplemental brief and hereby STRIKE it.

the day before the hearing on Trustee's motion to dismiss, but the record does not indicate she served the motion.

Moreover, Debtor has not cogently explained how she was adversely affected by the order dismissing her case under § 1307(c) instead of § 1307(b). The effect of a dismissal is governed by § 349(a), which makes no distinction between a dismissal under § 1307(c) and one under § 1307(b).

## B. The remainder of Debtor's appeal is moot.

We lack jurisdiction over a moot appeal, and if an appeal becomes moot while it is pending before us, we must dismiss it. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900-01 (9th Cir. 2001); *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014). This appeal is constitutionally moot if it is impossible for us to give Debtor effective relief in the event we decide the appeal in her favor. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 880 (9th Cir. 2012).

Pursuant to § 362(c)(2)(B), the automatic stay terminates as a matter of law upon dismissal of the case. If we were to reverse the bankruptcy court's orders denying an extension of the stay, it would not reimpose the automatic stay. Thus, we cannot render effective relief to Debtor in the event we rule in her favor, and her appeal is constitutionally moot as it pertains to the court's decision to deny an extension of the automatic stay

10

under § 362(c)(3).[6] *See Jiminez v. ARCPE 1, LLP (In re Jiminez)*, 613 B.R. 537, 544 (9th Cir. BAP 2020) (dismissing as moot the appeal from a stay relief order after affirming the dismissal order).

Similarly, we cannot grant effective relief to Debtor by reversing the order denying an extension of time to file schedules. Debtor complied with the deadline and timely filed her schedules and statements; reversal of the order would change nothing. Because we affirm the order dismissing the case, the remainder of Debtor's appeal is moot, and we must dismiss it.

## CONCLUSION

Based on the foregoing, we AFFIRM the order dismissing the case and DISMISS as MOOT the remainder of Debtor's consolidated appeals.

---

[6] If we were to address the merits of Debtor's appeal from the orders denying an extension of the stay, we would conclude that the bankruptcy court did not abuse its discretion. *See Van Damme v. U.S. Bank Nat'l Assoc. (In re Van Damme)*, BAP No. NV-25-1039-NBC, 2025 WL 3188018, at *6 (9th Cir. BAP Nov. 14, 2025) (noting that extension of the stay under § 362(c)(3)(B) is at the discretion of the court). The bankruptcy court correctly applied the law, and Debtor failed to submit any evidence to rebut the presumption or establish that the case was filed in good faith. The court properly denied her second motion to extend the stay because it was filed after the stay had expired. *See id.* at *8 (explaining that a motion to extend the stay must be considered before the 30-day period expires and citing cases).

11